















JAH   4/18/03   10:23

3:02-CV-00513   BORDER POWER PLANT V. DEPARTMENT OF ENERGY

*87*

*OPPM.*

1   LATHAM & WATKINS LLP
        Michael J. Weaver (State Bar No. 58581)
2       Robert P. Dahlquist (State Bar No. 105544)
        Amy G. Nefouse (State Bar No. 159880)
3   701 B Street, Suite 2100
    San Diego, California  92101
4   Telephone:  (619) 236-1234
    Facsimile:  (619) 696-7419
5
        Janice M. Schneider (D.C. Bar No. 472037)
6       *(Admitted Pro Hac Vice)*
    555 Eleventh Street, N.W., Suite 1000
7   Washington, D.C. 20004
    Telephone:  (202) 637-2200
8   Facsimile:  (202) 637-2201

9   Attorneys for *Amicus Curiae*
    Termoeléctrica U.S., LLC

10

FILED

03 APR 18  AM 8: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY
                NUNC PRO TUNC
          APR 1 6 2003

11

12                  UNITED STATES DISTRICT COURT

13               SOUTHERN DISTRICT OF CALIFORNIA

14

15   BORDER POWER PLANT WORKING        CASE NO. 02-CV-513-IEG (LSP)
     GROUP,
16                                       **OPPOSITION TO PLAINTIFF'S MOTION
                    Plaintiff,           TO STRIKE REQUEST FOR JUDICIAL
17                                       NOTICE AND SUPPLEMENTAL
            v.                           DECLARATION OF OCTÁVIO M. C.
18                                       SIMÕES FILED BY *AMICUS CURIAE*
     DEPARTMENT OF ENERGY; SPENCER       TERMOELÉCTRICA U.S., LLC**
19   ABRAHAM, in his official capacity, CARL
     MICHAEL SMITH, in his official capacity,  **Date:**     April 18, 2003
20   ANTHONY J. COMO, in his official     **Time:**     9:00 a.m.
     capacity, BUREAU OF LAND            **Courtroom:** 13, 5th Floor
21   MANAGEMENT,

22                    Defendants.         The Honorable Irma E. Gonzalez

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\380768.1

CASE NO. 02-CV-513-IEG (LSP)
OPPOSITION TO PL. MOTION TO STRIKE
REQUEST FOR JUDICIAL NOTICE

87

## I.   INTRODUCTION

Plaintiff moves to strike *Amicus Curiae* Termoeléctrica U.S., LLC's ("T-US") request for judicial notice of two permits issued for the Termoeléctrica de Mexicali power plant ("TDM Permits") and the Supplemental Octávio M. C. Simões Declaration ("Supplemental Simões Declaration").  Alternatively, Plaintiff argues that the request for judicial notice should be denied.  For the reasons stated below, Plaintiff's motion should be denied, and T-US's request for judicial notice should be granted.[1]

## II.   ARGUMENT

T-US requests judicial notice of the TDM Permits and consideration of the Supplemental Simões Declaration for the limited purpose of correcting factual inaccuracies introduced recently and for the first time by Plaintiff.  Plaintiff now claims that the request for judicial notice is "immaterial" because whether further Mexican regulatory action would be necessary prior to capacity upgrades at the TDM facility in Mexico is not at issue in this case. Plaintiff, however, is seeking to argue that the Federal Defendants' environmental assessment is infirm because the Federal Defendants failed to evaluate the potential impacts of an alleged capacity upgrade at the TDM plant in Mexico to 1400 megawatts ("MW"), which Plaintiff incorrectly claims was reasonably foreseeable.  As set forth in T-US's *Amicus Curiae* Brief at 16-18 and Federal Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment at 3-4, such an analysis is not required by the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* for several reasons, including that additional approvals from federal, state and Mexican authorities are required, which would be the subject of a subsequent decision-making process.  As a result, a 1400 MW upgrade at the TDM facility – which is not currently contemplated - is speculative, and the Federal Defendants were not required to evaluate such an option in authorizing the transmission of 600 MW over the transmission line.

---

[1] Pursuant to Local Rule 7.1(e)(1), Plaintiff's motion to strike should have been filed at least "28 calendar days prior to the Monday for which the matter is noticed."  Plaintiff's motion was filed on Tuesday, April 15, 2003, and Plaintiff's notice of motion was for Friday, April 18, only three days later.  Thus, absent the granting of a motion to shorten time (which Plaintiff has not provided to T-US and has apparently not sought), Plaintiff's motion should be denied.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\380768.1

1

CASE NO. 02-CV-513-IEG (LSP)
OPPOSITION TO PL. MOTION TO STRIKE
REQUEST FOR JUDICIAL NOTICE

1   Plaintiff ignores, however, that *it* suggested that Sempra "does not state whether .

2   . . [the permit for the TDM facility] . . . does or does not permit" an expansion of the TDM

3   power plant to a capacity of 1400 MW, and that *it* asserted that the TDM facility's permits may

4   be amended to allow generation of more than 600 MW, thus first calling this issue into question

5   in its Reply Brief of March 20, 2003. Pl. Reply Mem. at 28. While Plaintiff now appears to be

6   backing away from its position, it cannot now be heard to argue that a factual correction to the

7   record is "immaterial."[2]

8   **A.   This Court Has Discretion To Take Judicial Notice From Amici Curiae**

9   Rule 201(b) of the Federal Rules of Evidence requires the Court to take judicial

10  notice "if requested by a party and supplied with the necessary information." Fed. R. Evid.

11  201(d). Contrary to Plaintiff's suggestion in its brief, however, Rule 201 in no way restricts the

12  power and authority of the Court to take judicial notice of reliable documents submitted under

13  penalty of perjury by an *amicus curiae* party, particularly when such request is necessary to

14  correct factual inaccuracies in the record due to misrepresentations by Plaintiff. *See, e.g., Equal*

15  *Employment Opportunity Comm'n v. Tortilleria "La Mejor"*, 758 F. Supp. 585, 592 n.4 (E.D.

16  Cal. 1991) (taking judicial notice based on request of *amicus curiae* of court pleadings).

17  **B.   The Supplemental Simões Declaration Properly Authenticates The TDM Permits**

18  Plaintiff argues that T-US's request for judicial notice should be struck or

19  otherwise denied because T-US has "failed to provide an adequate attestation, failed to provide a

20  final certification, and failed to provide all parties with reasonable opportunity to investigate the

21  authenticity and accuracy of the documents" pursuant to Rule 44(a)(2) of the Federal Rules of

22  Civil Procedure. Pl. Motion to Strike Mem. at 6. What Plaintiff overlooks is that Rule 44 does

23  not "prevent the proof of official records or of entry . . . by any other method authorized by law."

24  Fed. Rule Civ. Proc. 44(c). As the Ninth Circuit has recognized, "Under the Federal Rules of

25  _____

26  [2] Plaintiff also attempts to argue that T-US's Request for Judicial Notice is not timely or appropriate, but its attempt is simply not credible. Plaintiff cannot deny that it raised the issue of

27  whether the TDM Permits would allow for a capacity expansion to 1400 MW for the first time in its Reply Brief, thereby placing this issue directly into question, and that T-US has responded to

28  the issue as quickly as possible.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\380768.1

2

CASE NO. 02-CV-513-IEG (LSP)
OPPOSITION TO PL. MOTION TO STRIKE
REQUEST FOR JUDICIAL NOTICE

1   Evidence, documents may provide their own authentication or the necessary foundation may be

2   established by extrinsic evidence." *U.S. v. Chu Kong Yin*, 935 F.2d 990, 994 (9th Cir. 1991)

3   (holding foreign government records were authentic under Rule 901).

4                 Rule 901 of the Federal Rules of Evidence provides that "[t]he requirement of

5   authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to

6   support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

7   Rule 901(b)(1) provides that authentication may be demonstrated by "testimony of [a] witness

8   with knowledge . . . that a matter is what it is claimed to be." Fed. R. Evid. 901(b)(1); *see also*

9   Fed. R. Evid. 901(b)(4) (authenticity can be shown by distinctive characteristics and the like);

10   Fed. R. Evid. 901(b)(7) (authenticity of records recorded in public office); *United States v.*

11   *Blackwood*, 878 F.2d 1200 (9th Cir. 1989) (testimony and extrinsic evidence was sufficient to

12   meet the government's burden of making a prima facie showing that the proffered documents

13   were authentic under Rule 901(b)(7)).

14                 The Supplemental Simões Declaration submitted as an attachment to T-US's

15   request for judicial notice states that the permits are in fact true and correct copies of the

16   documents received from the Mexican authorities for the TDM facility.  This testimony, as well

17   as the other evidence presented in conjunction with the documents, provide the authentication for

18   this Court to take judicial notice of the publicly available TDM Permits.  The Ninth Circuit has

19   held that a showing to the court that the proffered documents are authentic may rely on

20   circumstantial evidence and does not require the testimony of the original custodian of the

21   records. *Alexander Dawson, Inc. v. NLRB*, 586 F.2d 1300, 1302 (9th Cir. 1978); *see also*

22   *Melridge, Inc. v. Heublein*, 125 B.R. 825 (D. Or. 1991) (holding testimony of recipient of

23   documents from foreign government, as well as the distinctive characteristics and appearance of

24   the documents, their source, and contents, was sufficient to authenticate Swiss police reports and

25   Swiss bank records).  The permits are documents from a Mexican administrative agency on the

26   Mexican Energy Regulatory Commission's letterhead, are initialed on each page by the relevant

27   government officials who signed and/or reviewed the documents, and were received by Octávio

28   Simões and TDM from the Mexican Energy Regulatory Commission – all of which is sufficient

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\380768.1

3

CASE NO. 02-CV-513-IEG (LSP)
OPPOSITION TO PL. MOTION TO STRIKE
REQUEST FOR JUDICIAL NOTICE

1  to authenticate the permits under Rule 901(a).  *See Federal Trade Comm'n v. Hughes*, 710 F.

2  Supp. 1520, 1522-23 (N.D. Tex. 1989) (finding company logo and preprinted address as

3  indicative of authenticity); *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 62 (E.D. La.

4  1985) (finding memo on company letterhead authentic).[3]  Moreover, nothing prevents the Court

5  from taking judicial notice of a copy of these permits, and Plaintiff has presented no evidence

6  calling into question that the TDM Permits are anything other than what T-US claims them to be.

7  *Wilson v. Zoellner*, 114 F.3d 713, 718, n.2 (8th Cir. 1997) (relying on a copy of an insurance

8  company's plan to take judicial notice); *Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir.

9  1998) (relying on copy of death certificate to take judicial notice); *Papai v. Harbor Tug and*

10  *Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *reversed on other grounds by Harbor Tug and*

11  *Barge Co. v. Papai*, 520 U.S. 548 (1997) (relying on a copy of an ALJ Decision and Order to

12  take judicial notice).

13      **C.**    **T-US Has Not Offered Octávio Simões As An Expert Under Rule 702**

14      Plaintiff seeks to strike the Supplemental Simões Declaration by arguing that

15  Octávio Simões does not have the "requisite expertise to render reliable opinions as to Mexican

16  law" under Federal Rule of Evidence 702.  Pl. Motion to Strike Mem. at 7.  Octávio Simões,

17  however, is not being offered as an expert under Rule 702.  Rather, as the project manager for

18  the TDM plant, with extensive prior experience in developing power plants in foreign countries,

19  ———————————

20     [3] Additionally, although T-US prefers not to file its only copy of the original permits with the Court for business reasons, T-US will bring the original of the Environmental Permit issued
21  in 2001 and the Export Permit to the hearing on April 18, 2003, for inspection and/or copying by the Court and the parties, as further extrinsic evidence of the reliability of the copies attached to
22  the Supplemental Simões Declaration.  This would also render unnecessary any need to comply with the attestation and certification provisions of Rule 44 cited by plaintiff for the Court to take
23  judicial notice of the permits.  *See* Fed.R.Civ.P. 44 ("[a] foreign official record . . . may be evidenced by an official publication thereof."); Fed.R.Evid. 902(3) (allowing foreign documents
24  to be self-authenticating "[i]f reasonable opportunity had been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order
25  that they be treated as presumptively authentic without final certification.").  Plaintiff has known of the existence of these publicly accessible permits since issuance of the environmental
26  assessment and have had reasonable opportunity to investigate the terms of the permits prior to making inaccurate statements to this Court about them.  Additionally, good cause exists here due
27  to the late date that Plaintiff first put this issue in question.  *Rapheaely Internat'l, Inc. v. Waterman Steamship Corp.*, 972 F.2d 498 (2d Cir. 1992) (treating Sudanese documents as
28  presumptively authentic).

LATHAM&WATKINS℠
ATTORNEYS AT LAW
SAN DIEGO
SD\380768.1

4

CASE NO. 02-CV-513-IEG (LSP)
OPPOSITION TO PL. MOTION TO STRIKE
REQUEST FOR JUDICIAL NOTICE

1  including Mexico, Octávio Simões' supplemental declaration merely provides an explanation of

2  the permits based on his reading of those documents and his personal knowledge.  Because the

3  documents are in Spanish, the declaration is merely offered for the convenience of the court and

4  the parties, and it should be allowed.[4]  *Federal Trade Commission v. Hughes*, 710 F.Supp. 1520,

5  1521 (N.D. Texas 1989); *see also U.S. v. Burnette*, 698 F.2d 1038 (9th Cir. 1983), *cert. denied*,

6  461 U.S. 936 (1983) (admissibility of declaration is committed to the sound discretion of the trial

7  judge).

8  **III.    CONCLUSION**

9         *Amicus Curiae* Termoeléctrica U.S., LLC therefore respectfully requests that the

10  Court deny Plaintiff's Motion to Strike and grant T-US's request for judicial notice for the

11  reasons stated herein.

12  Dated:  April 16, 2003              Respectfully submitted,

13                                      LATHAM & WATKINS LLP

14

15                                      By
16                                      Amy G. Nefouse
17                                      Attorney for *Amicus Curiae*
                                        Termoeléctrica U.S., LLC

_____

[4] As stated in the Supplemental Simões Declaration, T-US will provide a fully translated version of the permits, should the Court so request.

1

## CERTIFICATE OF SERVICE

2

3          I am employed in the County of San Diego, State of California.  I am over the age
of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 701 B
Street, Suite 2100, San Diego, CA  92101-8197.

4

5          On **April 10, 2003**, I served the following document described as:

6   **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE REQUEST FOR
    JUDICIAL NOTICE AND SUPPLEMENTAL DECLARATION OF OCTAVIO
7   M.C. SIMOES FILED *AMICUS CURIAE* TERMOELÉCTRICA U.S.**

8   by serving a true copy of the above-described document in the following manner:

9                              **BY FACSIMILE**

10          I am familiar with the office practice of Latham & Watkins LLP for collecting,
processing, and transmitting facsimiles.  Under that practice, when a facsimile is deposited with
11   the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted
that same day in the ordinary course of business.  I deposited the above-described document for
12   facsimile transmission in accordance with the office practice of Latham & Watkins LLP for
collecting and processing facsimiles.  The facsimile of the above-described document was
13   transmitted to the following parties from San Diego, California on April 16, 2003, at the times
noted on the attached confirmation sheet:
14

15          The facsimile number of the sending machine is (619) 696-7419.  Said
transmission was complete and without error.  All parties on whom this facsimile transmission
16   has been served have agreed in writing to such form of service pursuant to agreement.

17

18

19                          **BY OVERNIGHT MAIL DELIVERY**

20          I am familiar with the office practice of Latham & Watkins LLP for collecting
and processing documents for overnight mail delivery by Federal Express.  Under that practice,
21   documents are deposited with the Latham & Watkins LLP personnel responsible for depositing
documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility
22   regularly maintained for receipt of overnight mail by Federal Express; such documents are
delivered for overnight mail delivery by Federal Express on that same day in the ordinary course
23   of business, with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham
& Watkins LLP' interoffice mail a sealed envelope or package containing the above-described
24   document and addressed as set forth below in accordance with the office practice of Latham &
Watkins LLP for collecting and processing documents for overnight mail delivery by Federal
25   Express:

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\379600.1

2

CASE NO. 02-CV-513-IEG (LSP)
CERTIFICATE OF SERVICE

| | |
|---|---|
| 1 | JULIA A. OLSON |
| | JAMIE B. JEFFERSON |
| 2 | Wild Earth Advocates |
| | 1646 E. 19th Ave., Suite A |
| 3 | Eugene, OR  97403 |
| | Tel:  (541) 344-7066 |
| 4 | Fax:  (541) 344-7061 |

ANDREW A. SMITH
United States Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorneys Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Tel:  (505) 224-1468
Fax:  (505) 346-7205

MARTIN WAGNER
MARCELLO MOLLO, ESQ.
Earthjustice Legal Defense Fund
426 17th Street
Oakland, California 94612
Tel:  (510) 550-6700
Fax:  (510) 550-6740

CAREY L. COOPER
Klinedinst, Fliehman & McKillop, P.C.
501 West Broadway, Suite 600
San Diego, California 92101
Tel:  (619) 239-8131
Fax:  (619) 238-8707

ERIC J. MURDOCK
Hunton & Williams
1900 K Street, NW
Washington, DC 20006-1109
Tel:  (202) 955-1500
Fax:  (202) 778-2201

ANDREA A. MATARAZZO
OSHA R. MESERVE
Remy, Thomason and Moose, LLP
455 Capitol Mall, Suite 210
Sacramento, CA  95814
Tel:  (916) 443-2745
Fax:  (916) 443-9017

     I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **April 16, 2003**, at San Diego, California.

Dena M. Thomason

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\379600.1

3

CASE NO. 02-CV-513-IEG (LSP)
CERTIFICATE OF SERVICE